# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>   378 Main Street<br>   Tucson, AZ 85701,<br><br>SEA TURTLE OVERSIGHT PROTECTION<br>   3104 NE 9th Street, Suite A<br>   Fort Lauderdale, FL 33304, and<br><br>TURTLE ISLAND RESTORATION NETWORK<br>   9255 Sir Francis Drake Blvd.<br>   Olema, CA 94950,<br><br>       *Plaintiffs*,<br><br>       v.<br><br>DAVID BERNHARDT, Secretary of the<br>U.S. Department of Interior<br>   1849 C Street NW<br>   Washington, DC 20240,<br><br>MARGARET EVERSON, Principal Deputy<br>Director of U.S. Fish and Wildlife Service<br>   1849 C Street NW<br>   Washington, DC 20240,<br><br>U.S. FISH AND WILDLIFE SERVICE<br>   1849 C Street NW<br>   Washington, DC 20240,<br><br>WILBUR ROSS, Secretary of the<br>U.S. Department of Commerce<br>   1401 Constitution Ave., NW<br>   Washington, DC 20230,<br><br>CHRIS OLIVER, Assistant Administrator<br>for Fisheries at the National Oceanic<br>Atmospheric Administration<br>   1315 East-West Highway<br>   Silver Spring, MD 20910, and | Case No.: 1:20-cv-00036<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

| | |
|---|---|
| NATIONAL MARINE FISHERIES SERVICE<br>    1315 East-West Highway<br>    Silver Spring, MD 20910,<br><br>        *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

1. In this civil action for declaratory and injunctive relief, Plaintiffs Center for Biological Diversity, Sea Turtle Oversight Protection, and Turtle Island Restoration Network (collectively, Conservation Organizations) challenge the U.S. Fish and Wildlife Service's and National Marine Fisheries Service's (collectively, Services) failure to comply with the nondiscretionary deadlines set forth in the Section 4 of the Endangered Species Act, 16 U.S.C. §§ 1531–1544.

2. Specifically, the Services failed to designate critical habitat for the green sea turtle (*Chelonia mydas*) concurrently with their decision to list the Central South Pacific, Central West Pacific, South Atlantic, North Atlantic, East Pacific, and Central North Pacific distinct population segments (DPSs) or within one additional year from the date of the proposed listing after making a "not determinable" finding. *Id.* § 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C).

3. Green sea turtles are protected under the Endangered Species Act because they are threatened by habitat loss from coastal development, beach armoring, and sea level rise; disorientation of hatchlings by beachfront lighting; marine pollution; watercraft strikes; and as bycatch in fishing operations. Designated habitat would identify the most important areas for green sea turtles and provide a layer of protection preventing its destruction. The green sea turtle remains at risk until the Services fulfill their statutory duties to designate the critical habitat necessary to support the turtle's survival and recovery.

4. To ensure that the Endangered Species Act can provide lifesaving protections for the green sea turtle, the Conservation Organizations bring this action for declaratory relief against David Bernhardt, in his official capacity as Secretary of the Interior; Margaret Everson, in her official capacity as Principal Deputy Director of the U.S. Fish and Wildlife Service; the U.S. Fish and Wildlife Service; Wilbur Ross, in his official capacity as the Secretary of Commerce; Chris Oliver, in his official capacity as Assistant Administrator for Fisheries at the National Oceanic Atmospheric Administration; and the National Marine Fisheries Service (collectively, Defendants). The Conservation Organizations ask this Court to find that Defendants are in violation of the Endangered Species Act for failing to timely designate critical habitat for the sea turtles.

## JURISDICTION AND VENUE

5. The Conservation Organizations bring this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g).

6. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as a defendant), and 16 U.S.C. § 1540(g) (citizen suit provision of the Endangered Species Act).

7. The relief sought is authorized under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), and 16 U.S.C. § 1540(g).

8. The Conservation Organizations provided formal notice to Defendants of their intent to file suit under the Endangered Species Act on August 13, 2019, more than 60 days prior to filing this complaint, consistent with the Endangered Species Act's statutory requirements. 16 U.S.C. § 1540(g)(2). Because Defendants have not remedied the legal violations outlined in the

notice, there exists an actual, justiciable controversy between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

9. Venue in this Court is proper according to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because at least one of the Defendants resides in this judicial district and because a substantial part of the events giving rise to the Conservation Organization's claims occurred in this district.

## PARTIES

10. Plaintiff Center for Biological Diversity is a national, nonprofit conservation organization incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including California, Florida, Hawaii, North Carolina, Washington, D.C., and in Mexico. The Center works through science, law, and policy to secure a future for all species, great and small, hovering on the brink of extinction. The Center has more than 67,000 active members across the country. The Center and its members are concerned with the conservation of imperiled species, including the green sea turtle, through effective implementation of the Endangered Species Act. The Center brings this action on behalf of itself and its members.

11. Plaintiff Sea Turtle Oversight Protection (STOP) is a non-profit 501(c)(3) corporation with its principal place of business in Fort Lauderdale, Florida. STOP rescues disoriented hatchlings as well as sick or injured juvenile and adult marine turtles in all of Broward County Florida, including on Deerfield Beach, Hillsboro Beach, Pompano, Lauderdale by the Sea, Fort Lauderdale, Dania, Hollywood, and Hallandale. Since 2007, STOP volunteers have rescued over 240,000 hatchlings that were disoriented by lights on Broward County beaches.

12.     Plaintiff Turtle Island Restoration Network (TIRN) is a non-profit 501(c)(3) corporation with its principal place of business in Forest Knolls, California. TIRN operates the Sea Turtle Restoration Project, which is dedicated to the protection and restoration of endangered and threatened sea turtles. TIRN is an environmental organization with approximately 10,000 members and more than 70,000 online activists and supporters throughout the United States and the world, each of whom shares a commitment to the study, protection, enhancement, conversation, and preservation of the world's marine and terrestrial ecosystems, including protection of sea turtles such as the green sea turtle. TIRN has worked extensively to conserve and protect green sea and other turtle species in the U.S. Pacific, the Gulf and the Atlantic from a variety of threats. TIRN also works to conserve sea turtles and other marine wildlife internationally, including in Costa Rica and Australia.

13.     The Conservation Organizations have members with concrete interests in the conservation of green sea turtles and the protection of their critical habitat. Conservation Organizations' members and staff have researched, studied, observed, and sought protection for the green sea turtle. In addition, the members and staff have visited and observed, or sought out, green sea turtles in the Pacific and Atlantic oceans. Conservation Organizations' members derive recreational, scientific, professional, aesthetic, spiritual, and ethical interests in the green sea turtle and its habitats. For example, one of the Conservation Organizations' members regularly scuba dives to observe and attempt to observe green sea turtles, and the member intends to continue to do so in the future. Another member routinely monitors green sea turtle nesting attempts and hatchling efforts in Florida.

14.     The Services' failure to comply with the Endangered Species Act's nondiscretionary deadline to designate critical habitat for the green sea turtles denies the turtles

vital protections that are necessary for survival and recovery. For example, while the Services withhold final critical habitat designations, oil exploration, development activities, and commercial fishing continue to impact the green sea turtles' habitat. Critical habitat is necessary to ensure that oil and gas activities and other federally permitted activities do not result in the adverse modification or destruction of the sea turtles' essential habitat areas.

15. The Conservation Organizations' members are injured by the Services' failure to timely designate critical habitat, which delays significant protections for the turtles and harms their survival and recovery. Until the Services protect the green sea turtle's critical habitat under the Endangered Species Act, the Conservation Organizations and their members' interests in the turtles are injured. These injuries are actual, concrete injuries presently suffered by the Conservation Organizations and their members; are directly caused by the Services' inaction; and will continue to occur unless this Court grants relief.

16. The relief sought herein—an order compelling the Services to designate critical habitat—would redress these injuries by protecting the green sea turtle's habitat before it can be further degraded or destroyed, thereby protecting the turtles from extinction so the Conservation Organizations and their members can continue to pursue their educational, scientific, recreational, aesthetic, and spiritual interests in the turtles and their habitats. The Conservation Organizations and their members have no other adequate remedy at law.

17. Defendant David Bernhardt is the Secretary of the U.S. Department of the Interior. As the Secretary of the Interior, he has the ultimate responsibility to administer and implement the provisions of the Endangered Species Act, including timely designation of critical habitat, and to comply with all other federal laws applicable to the Department of the Interior. Plaintiffs sue Defendant Bernhardt in his official capacity.

18.     Defendant Margaret Everson is the Principal Deputy Director of the U.S. Fish and Wildlife Service. As Principal Deputy Director, Defendant Everson is a federal official who is responsible for implementing and enforcing the Endangered Species Act and its regulations, including timely designation of critical habitat, and for complying with all other federal laws applicable to the Service. Plaintiffs sue Defendant Everson in her official capacity.

19.     Defendant U.S. Fish and Wildlife Service is a federal agency within the Department of the Interior. The Secretary of the Interior has delegated his authority to administer the Endangered Species Act to the Service with respect to nesting sea turtles. This authority encompasses timely compliance with the Endangered Species Act's mandatory deadlines to designate critical habitat.

20.     Defendant Wilbur Ross, U.S. Secretary of Commerce, is the highest ranking official within the Department of Commerce, and in that capacity, is responsible for the administration and implementation of the Endangered Species Act—including timely designation of critical habitat and compliance with all other federal laws applicable to the Department of Commerce. Plaintiffs sue Defendant Ross in his official capacity.

21.     Defendant Chris Oliver is the Assistant Administrator for Fisheries at the National Oceanic Atmospheric Administration. As Assistant Administrator, Defendant Oliver is a federal official responsible for implementing and enforcing the Endangered Species Act and its regulations, including timely designation of critical habitat, and for complying with all other federal laws applicable to the agency. Plaintiffs sue Defendant Oliver in his official capacity.

22.     Defendant National Marine Fisheries Service is a federal agency within the Department of Commerce. Through delegation of authority from the Secretary of Commerce, the National Marine Fisheries Service administers and implements the Endangered Species Act and

is legally responsible for complying with its mandatory deadlines when making decisions and promulgating regulations, including designating critical habitat for the green sea turtle.

## STATUTORY AND REGULATORY FRAMEWORK

23. The Endangered Species Act "represent[s] the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). Indeed, "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. Accordingly, the Act's purpose is "to provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

24. To that end, the Endangered Species Act requires the Services to protect imperiled species by listing them as "endangered" or "threatened." *Id.* § 1533(a)(1). A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

25. A "species" includes "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id.* § 1532(16).

26. Under the Endangered Species Act, the U.S. Fish and Wildlife Service has jurisdiction over most terrestrial species, while the National Marine Fisheries Service has jurisdiction over most marine species. For sea turtles, the U.S. Fish and Wildlife Service has jurisdiction over green sea turtles when they are on land, and the National Marine Fisheries Service has jurisdiction over green sea turtles when they are in the water.

27. Once a species is listed, it receives a host of important protections designed to prevent its extinction and aid its recovery, including one of the most crucial protections—safeguards for its "critical habitat." *Id.* § 1533(a)(3)(A).

28. Critical habitat includes specific areas occupied by the threatened or endangered species with "physical or biological features . . . essential to the conservation of the species and . . . which may require special management considerations or protection," as well as specific areas unoccupied by the species that "are essential for the conservation of the species." *Id.* § 1532(5)(A). "Conservation" of a species means "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the Endangered Species Act] are no longer necessary." *Id.* § 1532(3). Accordingly, critical habitat includes areas that require proper management to ensure a listed species cannot only survive but also recover.

29. Protecting a species' critical habitat is crucial for the protection and recovery of many listed species—particularly those that have become endangered or threatened because of historical and ongoing habitat loss or degradation. For example, Section 7 of the Endangered Species Act requires all federal agencies to ensure their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of their designated "critical habitat." *Id.* § 1536(a)(2). In this way, a critical habitat designation provides increased protections beyond those provided by listing alone.

30. To ensure species at risk of extinction receive these essential habitat protections in a timely manner, Congress prioritized the designation of critical habitat. *Id.* § 1533(a)(3), (b)(6); *see also id.* § 1531(b) (statutory directive to "provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved"). The Services are

required, "to the maximum extent prudent and determinable," to designate critical habitat for a species "concurrently with making a determination" that it is endangered or threatened," *id.* § 1533(a)(3)(A), (b)(6)(C), and within one year of issuing a rule proposing critical habitat, *id.* § 1533(b)(6)(A)(ii). The critical habitat designation must be based on "the best scientific data available." *Id.* § 1533(b)(2).

31.     Designation of critical habitat is not determinable when "[d]ata sufficient to perform required analyses are lacking; or . . . [t]he biological needs of the species are not sufficiently well known to identify any area that meets the definition of 'critical habitat.'" 50 C.F.R. § 424.12(a)(2).

32.     If the Services find it is not prudent to designate critical habitat or that critical habitat is not determinable, they must "state the reasons for not designating critical habitat in the publication of proposed and final rules listing a species." *Id.* § 424.12(a).

33.     If critical habitat is not determinable at this mandatory decision point, the Services may extend the deadline to designate critical habitat "by not more than one additional year," at which point it must publish a final regulation "based on such data as may be available at that time." 16 U.S.C. § 1533(b)(6)(C)(ii).

34.     The Endangered Species Act does not safeguard a species' habitat until the Services designate critical habitat. Accordingly, it is essential that the Services dutifully follow the Endangered Species Act's procedures and deadlines to ensure they designate critical habitat in a timely manner. Species with critical habitat designations are twice as likely to recover as species without designated critical habitat.

**FACTS GIVING RISE TO PLAINTIFFS' CLAIMS FOR RELIEF**

35. The adult green sea turtle, pictured below, can migrate over 1,600 miles between their feeding grounds and nesting grounds. The green sea turtle is the only turtle that is strictly herbivorous as an adult, eating mostly seagrass and algae. It can weigh between 240 and 420 pounds. It spends most of its 80- to 100-year lifespan at sea and can usually be found at coastlines or bays with seagrass beds. Typically only the females come onshore, for nesting and breeding purposes, but male green sea turtles have been observed sunbathing on beaches in Hawaii. Green sea turtles face imminent danger everyday from boats, human population expansion, plastic pollution, boat propeller strikes, and habitat loss.



36. Green sea turtles are found throughout the world, but the Services are only required to designate critical habitat for the DPSs in the United States.

37. Green sea turtles were originally listed under the Endangered Species Act in 1978. 43 Fed. Reg. 32,800 (July 28, 1978).

38. In 2015, the Services proposed a new rule that identified 11 DPSs for green sea turtles. 80 Fed. Reg. 15,271 (Mar. 23, 2015).

39. In its final rule, the Services recognized 11 green turtle DPSs: North Atlantic, Mediterranean, South Atlantic, Southwest Indian, North Indian, East Indian-West Pacific, Central West Pacific, Southwest Pacific, Central South Pacific, Central North Pacific, and East Pacific. 81 Fed. Reg. 20,058 (Apr. 6, 2016). Of the 11 DPSs, the Services determined the Mediterranean, Central West Pacific, and Central South Pacific DPSs are endangered, and the remaining eight should be listed as threatened. *Id*.

40. The National Marine Fisheries Service explained:

> Three elements are considered in a decision regarding the status of a possible DPS as endangered or threatened under the Act. These are applied similarly for addition to the lists of endangered and threatened wildlife and plants, reclassification, and removal from the lists: (1) Discreteness of the population segment in relation to the remainder of the species to which it belongs; (2) The significance of the population segment to the species to which it belongs; and (3) The population segment's conservation status in relation to the Act's standards for listing (i.e., is the population segment, when treated as if it were a species, endangered or threatened?).

61 Fed. Reg. 4722, 4725 (Feb. 7, 1996).

41. The Services have jurisdiction to designate critical habitat for the Central South Pacific, Central West Pacific, South Atlantic, North Atlantic, East Pacific, and Central North Pacific DPSs.

42. The proposed DPS listing rule triggered the Services' obligation to finalize the listing decision for each of the green sea turtle DPSs and to designate critical habitat for each of the proposed DPSs no later than March 23, 2016. 16 U.S.C. § 1533(b)(6)(C).

43. The Services did not designate critical habitat at that time. Instead they stated in their final rule, "critical habitat is not determinable at this time. Therefore, we will propose critical habitat in a future rulemaking." 81 Fed. Reg. at 20,085.

44. The Services had one additional year from the date of the proposed listing, or March 23, 2017, to publish a final critical habitat determination for the DPSs.

45. To date, the Services have neither proposed nor designated critical habitat for the endangered and threatened DPSs of green sea turtles. Consequently, the Services are in violation of the Endangered Species Act.

46. The Services' ongoing failure to designate critical habitat for the green sea turtle DPSs deprives these animals of protections to which they are legally entitled and leaves them at increased risk of injury and death in their most important habitat areas.

## PLAINTIFFS' CLAIM FOR RELIEF

<u>Violation of the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B)</u>
<u>Failure to Designate Critical Habitat for the Green Sea Turtle</u>

47. The Conservation Organizations reallege and incorporate by reference all the allegations set forth in this Complaint as though fully set forth below.

48. The Endangered Species Act required the Services to designate critical habitat for green sea turtle Central South Pacific, Central West Pacific, South Atlantic, North Atlantic, East Pacific, and Central North Pacific DPSs concurrently with their decisions to list the species as distinct population segments, or within one additional year from the dates of proposed listing after making a "not determinable" finding. *Id.* § 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C).

49. The Services asserted critical habitat was not determinable at the time of listing; however, the Services did not designate critical habitat within the additional year provided by the Endangered Species Act, and they still have not done so to date.

50. The Conservation Organizations and their members are injured by the Services' failure to designate critical habitat, which violates Congress's mandate to designate critical habitat concurrently with listing a species and no more than one year after proposing critical habitat.

51. The Services' failure to designate critical habitat for the green sea turtle DPSs violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C).

## REQUEST FOR RELIEF

WHEREFORE, the Conservation Organizations pray that this Court enter a Judgment for Plaintiffs providing the following relief:

(1) Declare that Defendants violated the Endangered Species Act by failing to designate critical habitat for the green sea turtle, specifically the Central South Pacific, Central West Pacific, South Atlantic, North Atlantic, East Pacific, and Central North Pacific DPSs;

(2) Order Defendants to designate, by dates certain, final critical habitat for the green sea turtle DPSs under the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A);

(3) Grant Plaintiffs their reasonable attorneys' fees and costs in this action, as provided by the Endangered Species Act, 16 U.S.C. § 1540(g)(4); and

(4) Provide such other relief as the Court deems just and proper.

//

//

DATED: January 8, 2020                             Respectfully submitted,

<u>*/s/ Jaclyn M. Lopez*</u>
Jaclyn M. Lopez (D.C. Bar No. FL0017)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
jlopez@biologicaldiversity.org

<u>*/s/ Catherine Kilduff*</u>
Catherine Kilduff (D.C. Bar No. 101260)
Center for Biological Diversity
801 Boush St., Suite 200
Norfolk, VA 23510
Tel: (202) 780-8862
ckilduff@biologicaldiversity.org

*Attorneys for Plaintiffs*