UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

Plaintiffs

v.

DAVID BERNHARDT, in his official capacity as Secretary of the U.S. Department of the Interior, et al.,

Defendants.

Case No.: 1:20-cv-00036 (EGS)

FILED
AUG 2 1 2020
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

**STIPULATED SETTLEMENT AGREEMENT AND ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity ("Center"), Sea Turtle Oversight Protection, and Turtle Island Restoration Network (collectively "Plaintiffs"), and Defendants David Bernhardt, in his official capacity as Secretary of the U.S. Department of the Interior, Aurelia Skipwith, in her official capacity as Director of the U.S. Fish and Wildlife Service, the U.S. Fish and Wildlife Service ("FWS"), Wilbur Ross, in his official capacity as Secretary of the U.S. Department of Commerce, Chris Oliver, in his official capacity as Assistant Administrator for Fisheries at the National Oceanic Atmospheric Administration ("NOAA"), and the National Marine Fisheries Service ("NMFS") (collectively "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, green sea turtles were originally listed under the Endangered Species Act ("ESA") in 1978. 43 Fed. Reg. 32,800 (July 28, 1978);

WHEREAS, on April 6, 2016, Defendants issued a final rule listing eleven distinct population segments ("DPSs") of the green sea turtle under the ESA as endangered or threatened. 81 Fed. Reg. 20,058 (Apr. 6, 2016);

WHEREAS, FWS has jurisdiction to designate critical habitat for five green sea turtle DPSs that nest on land within the United States, which are the Central South Pacific, Central West Pacific, South Atlantic, North Atlantic, and Central North Pacific populations;

WHEREAS, NMFS has jurisdiction to designate critical habitat for six green sea turtle DPSs that forage within waters of the United States, which includes the East Pacific DPS in addition to those populations listed in the previous paragraph;

WHEREAS, Defendants have not yet designated critical habitat for the six green sea turtle DPSs with potential habitat under their jurisdiction, which are the Central South Pacific, Central West Pacific, South Atlantic, North Atlantic, East Pacific, and Central North Pacific populations (collectively "six green sea turtle DPSs");

WHEREAS, on January 8, 2020, Plaintiffs filed the above-captioned action to compel Defendants to designate critical habitat for the six green sea turtle DPSs by dates certain;

WHEREAS, the parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the parties desire to resolve Plaintiffs' claims according to the terms set forth below, and thus hereby stipulate and agree as follows:

1. On or before June 30, 2023, Defendants shall submit to the Office of the Federal Register for publication a proposed determination concerning the designation of critical habitat for the six green sea turtle DPSs.

2. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. This Agreement requires only that Defendants take the actions specified in Paragraphs 1 and 6. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or

procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge any final determination, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making a determination regarding critical habitat for any listed species.

6. Without waiving any defenses or making any admissions, Defendants agree to pay and Plaintiffs agree to accept, $8,500.00 in full and complete satisfaction of any and all claims, demands, rights, and causes of action for attorneys' fees and costs incurred by Plaintiffs in connection with the litigation pursuant to the ESA, 16 U.S.C. § 1540(g), and/or any other statute and/or common law theory, through and including the effective date of this Agreement.

7. Within 10 days after execution of this Agreement, Plaintiffs will provide to Defendants all necessary information for Defendants to process the payment set forth in Paragraph 6.

8. Defendants' payment will be made by electronic funds transfer to Center for Biological Diversity. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within 10 days from receipt of the necessary information from Plaintiffs or from approval of this Agreement by the Court, whichever is later.

9. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

11. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning the Complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned

representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

13. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

14. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: August 20, 2020

Respectfully Submitted,

*/s/ Catherine Kilduff*
Catherine Kilduff (D.C. Bar No. 1026160)
Center for Biological Diversity
801 Boush St., Ste. 200
Norfolk, VA 23510
(202) 780-8862
ckilduff@biologicaldiversity.org

*/s/ Jaclyn M. Lopez*
Jaclyn M. Lopez (D.C. Bar No. FL0017)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
Fax: (520) 623-9797
jlopez@biologicaldiversity.org

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Sarah J. Sheffield*
Sarah J. Sheffield,
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0211
Fax: (202) 305-0275
E-mail: sarah.sheffield@usdoj.gov

**IT IS SO ORDERED.**

**Dated:** 8/20/2020

**Signed by:** ____________________
**Hon. Emmet G. Sullivan**
**United States District Judge**